LAW OFFICES OF

# ROBERT L. GELTZER

1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

____

FACSIMILE (212) 410-0400

February 2, 2012

**BY FAX ONLY (718) 263-1685**

Rita M. Espinosa Arguello, Esq.
Gehi & Associates
The Pickman Building
118-21 Queens Blvd., Suite 411
Forest Hills, NY  11375

   Re: **Song Park - Case No. 11-40745-CEC**
      **Yongdae Park - Case No. 11-40747-CEC**
          **AND**
      **Lalita Devi Sukhramn & Eshwar Nauth Sukhramn**
      **Case No. 11-42627 (JF)**

Dear Ms. Espinosa Arguello:

  My statements of fact are not personal attacks on you, unlike yours and Mr. Gehi's that accuse me of harassment.  The very fact that you sent your letter to the Office of the United States Trustee in response to mine (and why it begins "greetings" is beyond me), rather than directly to me is another one of your attempts to intimidate me which, <u>nota</u> <u>bene</u>, never will happen.  Furthermore, your attempt to correct my statement with your "[sic]" is another one of your errors; the word was correct as stated; check the dictionary.

  Regarding <u>Park</u>, the fact of the matter was that I was trying to make things a bit easier for all concerned by simply asking for information of amounts paid by Mr. Park for and/or on behalf of his daughter for schooling, however denominated.  Whether or not those loans are dischargeable has nothing to do with the fact that he incurred the obligation to pay them.  Moreover, you have not produced any documents that confirm that the funds in connection with Victoria's loan, which Mr. Park guaranteed, were, in fact, used for Victoria's education; please explain and provide documents as to use of those funds.  However, inasmuch as you seem not to want to make this easier, please send possible dates and times for your clients' continued examinations of the commenced, but not completed, ones.

As for your January 25, 2012 fax regarding <u>Sukhramn</u> wherein you request "45 days to make corrections," provide the legal basis <u>therefor</u> [emphasis added].

Finally, as noted, I am filing this letter with the Court to document your continuing delay of the administration of the <u>Sukhramn</u> case by failing to settle an order timely as you were directed to do on January 12, 2012. Pursuant to local bankruptcy rule 9072-1, you are required to settle the order within 15 days of the Court's direction. That date has passed.

                                        Very truly yours,

                                        /s/ Robert L. Geltzer

                                        Robert L. Geltzer

RLG:ayh

cc:    Alicia M. Leonhard, Esq. (by email)
       Marylou Martin, Esq. (by email)
       Clerk (by ECF)